PER CURIAM:
At 6:30 a.m., on December 7, 1990, the claimants’ 1986 Chevrolet Monte Carlo was damaged when it crossed a six foot by four foot hole in the westbound lane of Route 60, approaching the Kelley’s Creek bridge, near Cedar Grove in Kanawha County. Mr. Comer testified that he was driving claimants’ vehicle on this date, but he was unable to avoid the hole since a coal truck was passing and obstructing the adjoining westbound lane. The respondent had attempted to cover the hole with two large steel plates. However, Mr. Comer testified that one of the plates had been knocked away, exposing the underpinning and rebar of the bridge. Mr. Comer stated that he could actually see through the hole to the water below the bridge. No warning signs were present to alert motorists of this hazard. Fortunately, neither Mr. or Mrs. Comer were injured. Their vehicle sustained damages in the amount of $704.01. The windshield was cracked upon impact with the hole and required replacement. The invoice for the windshield was $235.86. The required replacement of two ruptured tires, two broken rims, and repair of an upper control arm, complete with a front and alignment was estimated to cost $468.15. The claimants appear to have both liability and collision insurance with State Farm Insurance. Their policy contains a comprehensive coverage provision with a $250.00 deductible. The insurer advised the claimants to file with the Court of Claims before they would review the claim. The insurer, however, assisted the claimants with photographs of the accident site and estimates for repairs to their vehicle.
The respondent denies any negligence. James Dingess, respondent’s Supervisor for eastern Kanawha County, testified that he was familiar with the hole in the bridge on Route 60 that the claimants encountered. He indicated that temporary repairs were initiated around 1:00 a.m. on December 7, 1990. Two steel plates, four by eight feet and weighing 400 pounds each were placed by an end loader over the described hazard. Mr. Dingess further testified that additional repair was required when one of the plates had moved, exposing the hole between 4:00 and 5:00 a.m. that morning.
It appears to the Court that the temporary steel plates somehow moved between 5:00 a.m. and 6:30 a.m. on December 7, 1990, exposing the hole in the bridge which caused claimant’s accident. Although the respondent positioned flagmen near the bridge while conducting temporary repairs, Mr. Dingess testified that there were time periods when flagmen were not at the bridge on the morning of the claimant’s accident.
It is the opinion of the Court that the respondent was negligent in its failure to warn and adequately safe guard the traveling public from this known hazard and its negligence did directly and proximately cause the damages to claimants’ vehicle. Therefore, the Court will make an award to the claimants for the amount of their insurance deductible which is $250.00.
This Court has previously held that claims for which insurance may be available *55 will not receive awards except for the deductible. See Sommerville vs. Division of Highways, an unpublished Opinion of the Court of Claims, issued June 14, 1991. Accordingly, an award in the amount of $250.00 is granted to the claimants.
Award of $250.00.